POULTON, TIMOTHY P„ Associate Judge
(dissenting):
Respectfully, I dissent. I would affirm the decision of the trial court.
At the instance of Spain, the trial court caused paragraph two to be a part of the final judgment entered earlier in the case, upon the theory that canon 13 of the code of ethics governing attorneys, 32 F.S.A., required it. It was not required to be part of the final judgment because of any con *210 tract, statute, rule or other law. By the time the matter, had been litigated before the arbiter, canon 13 no longer existed.
If the trial court’s function in “supervising” pursuant to that paragraph was one of appeal, then I would join in the view of my colleagues, because there was no record before the trial court of the proceedings in arbitration. If the “supervision” required a trial de novo, I would also share the view of my colleagues because rules of evidence pertaining to judicial notice would apply. However, we have found no authority for the proposition that the supervision required by canon 13 and provided for in the earlier final judgment amounts either to appellate supervision or trial de novo supervision. This being so, we believe that the sort of supervision provided by the trial court — and described in the order appealed from — was sufficient to comply with the earlier final judgment. When possible, courts should strive to uphold the finality of arbitration. 3 Fla.Jur., Arbitration & Award, § 15.